# SQUITIERI & FEARON, LLP

32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

MEMBERS OF THE FIRM
LEE SQUITIERI*
STEPHEN J. FEARON, JR.
*ADMITTED TO N.Y. & N.J. BARS

NEW JERSEY OFFICE
2600 KENNEDY BOULEVARD
SUITE 1K
JERSEY CITY, NEW JERSEY 07306
TEL: (201) 200-0900
FAX: (201) 200-9008

April 2, 2018

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re:** ***Farina v. Metropolitan Transportation Authority, et al.*, 1:18-cv-01433-NRB;**
> ***Gardner v. Metropolitan Transportation Authority, et al.*, 1:18-cv-01548-NRB;**
> ***<u>Troiano v. Metropolitan Transportation Authority, et al.</u>*, <u>1:18-cv-01977-NRB</u>**

Dear Judge Buchwald:

    My firm represents Plaintiffs in the three recently-filed proposed class actions identified above. Each case involves claims arising from fines and fees assessed by Defendants against drivers who used cashless toll systems, including EZ Pass and Tolls-By-Mail, on New York's bridges, tunnels, and roads. In accordance with Rule 2(B) of Your Honor's Individual Practices, I am writing to request a pre-motion conference so that Plaintiffs may seek permission to file a motion to consolidate these three actions.

    I have written to counsel for each Defendant informing them that I would be making this request and to date the defense counsel who have responded have indicated that they do not oppose consolidation. Other defendants have not yet responded.

SQUITIERI & FEARON, LLP

Honorable Naomi Reice Buchwald
April 2, 2018
Page 2

### The Three Actions Raise Similar Issues and Facts, Making Consolidation Appropriate

The three actions are:

1) *Farina v. Metropolitan Transportation Authority, et al.*, 1:18-cv-01433-NRB;
2) *Gardner v. Metropolitan Transportation Authority, et al.*, 1:18-cv-01548-NRB; and
3) *Troiano v. Metropolitan Transportation Authority, et al.*, 1:18-cv-01977-NRB.

Each action arises from fines and penalties that have been imposed on drivers using New York's bridges and tunnels since New York has removed its toll booths and has moved to "cashless tolls", such as EZ Pass and Tolls-By-Mail. As alleged in the Complaints and reported in the press, drivers throughout New York who have used the cashless toll systems recently have been assessed enormous fines without prior notice, often totaling hundreds or thousands of dollars. The Complaint in each of these action alleges, for example, that when a Tolls-By-Mail user crosses a bridge with a toll of $8.50, Defendants do not simply send a bill in the mail a week or two later for only the $8.50 toll but instead wait months before sending the vehicle owner a "Notice of Violation" demanding payment of the $8.50 toll plus a fine of $100 or $50 for each crossing. This first notice from Defendants frequently includes fines totaling hundreds or thousands of dollars without explanation and without any meaningful way to challenge the penalties. Moreover, Defendants have threatened vehicle owners with collection actions, adverse credit ratings, suspending their vehicle registration, and other adverse consequences if they do not immediately pay the fines in full.

Together, these lawsuits name as defendants the three groups that operate the cashless toll systems in New York. For example, the *Farina* complaint names as defendants the operators of the cashless toll systems for the MTA-operated bridges and tunnels in New York City (such as the East River bridges and tunnels as well as the Henry Hudson Bridge). It names the MTA as well as Conduent, Inc., which operates the technology for the cashless toll system for those bridges and tunnels, and also names Transworld, which is a collections agency that pursues vehicle owners for the outstanding fines and fees for using those bridges and tunnels. The *Gardner* action adds the Port Authority as the operator of the Hudson River crossings and adds AllianceOne, which is a collections agency that, among other things, pursues collections for the Port Authority-operated bridges and tunnels. The third action, *Troiano*, includes some of the same defendants as *Farina* and *Gardner* but adds the New York State Thruway Authority, which operates the cashless toll system for the Tappan Zee Bridge (now called the Governor Mario M. Cuomo Bridge) and for the New York State Thruway.

These actions are appropriate for consolidation because they name some of the same defendants and they involve common questions of fact and law. Consolidating the cases will

## SQUITIERI & FEARON, LLP

Honorable Naomi Reice Buchwald
April 2, 2018
Page 3

streamline them, avoid duplication, and reduce the burden on the Court and on the parties. Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(1). *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *In re Barrack Gold Corp. Secur. Litig.*, Case No. 17-cv-3507 (NRB), 2017 WL 4862779, *1 (S.D.N.Y. Oct. 4, 2017) (consolidating actions involving the "same factual and legal issues"); *In Re Forcefield Energy Inc. Secur. Litig.*, Case No. 15-CV-3020 (NRB) (S.D.N.Y. July 22, 2015) (consolidating three related actions); *Atwood v. Intercept Pharma., Inc.*, 299 F.R.D. 414 (S.D.N.Y. May 15, 2014) (Buchwald, J.) (consolidating two similar actions). Rule 42 gives courts broad discretion whether to consolidate, and courts consider whether judicial economy favors consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). When a court is presented with similar actions, consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced. *Id.* (quoting *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)).

These three actions arise from the same operative facts and involve many of the same issues and Defendants. Defendants will benefit from consolidation because they will need to defend a single suit instead of several separate suits involving the same facts, witnesses, and parties. Consolidation will enable Defendants to respond to pleadings in one case rather than in three cases and it will reduce duplication and repetition. Accordingly, the Court should consolidate the three pending actions.

If the Court allows Plaintiffs to move to consolidate the actions, in that motion Plaintiffs also will suggest that Plaintiffs file a Consolidated Complaint within two weeks and that Defendants can then respond to that pleading.

Respectfully submitted,

Squitieri & Fearon, LLP

By: _____
Stephen J. Fearon, Jr.

SJF/cs

cc:   Defendants' Counsel by e-mail