UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MIRIAN ROJAS, BRIAN OWENS, and
KORISZAN REESE,

                           Plaintiffs,                                      18-cv-1433 (PKC)

        -against-                                                  OPINION
                                                                   AND ORDER

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY and THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY,

                           Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Mirian Rojas moves for leave to file an Amended Complaint pursuant to Rule 15, Fed. R. Civ. P., and has submitted a Proposed Amended Complaint (the "PAC") in connection with the motion. (Docket # 130, 132.) The PAC asserts that plaintiffs paid fines for tolling violations collected by the Triborough Bridge and Tunnel Authority (the "TBTA") and the Port Authority of New York and New Jersey (the "Port Authority") in amounts that violated the Eighth Amendment's prohibition against excessive fines. It separately asserts a claim of unjust enrichment against the TBTA. In addition to amending the claims of Rojas, the PAC proposes to add two new plaintiffs, Brian Owens and Koriszan Reese.

        On August 21, 2019, this Court issued an Opinion and Order that dismissed the claims of all plaintiffs, except to the extent that Dorothy Troiano plausibly alleged claims of unjust enrichment and a violation of the Eighth Amendment's prohibition against excessive fines. Farina v. Metro. Transportation Auth., 409 F. Supp. 3d 173, 194-96, 199-203 (S.D.N.Y. 2019). Troiano alleged that she paid $1,305 in fines, including thirteen fines of $100 and one of

$5. See id. at 201-03. The claims of all other plaintiffs were dismissed because they had either failed to allege the payment of fines demanded of them or else had not distinguished their payments of fines from their payments of underlying tolls. Id. at 194-96, 199-201.

Defendants oppose the motion to amend, and urge that the proposed amendments are futile because they do not state a claim for relief. For the reasons that will be explained, the motion to amend is granted.

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. "'Proposed amendments are futile,' and thus must be denied, 'if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 252 (2d Cir. 2017) (quoting Thea v. Kleinhandler, 807 F.3d 492, 496-97 (2d Cir. 2015)). The party opposing a motion to amend bears the burden of demonstrating that the proposed amendment is futile. See, e.g., Lee v. Kylin Mgmt. LLC, 2019 WL 917097, at *3 (S.D.N.Y. Feb. 25, 2019) (Furman, J.).

The Court need not recite the well-known standards that govern a Rule 12(b)(6) motion, which limits review to a complaint's factual allegations and any documents integral thereto. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Familiarity is assumed with the claims and legal authorities discussed by this Court in its earlier Opinion and Order.

The Opinion and Order dismissed Rojas's claims because she did not allege that she had actually paid any fine demanded of her. Farina, 409 F. Supp. 3d at 195-96. The PAC

now alleges that Rojas paid $1,200 in fines to the Port Authority as a result of $360 in unpaid tolls, and, separately, $720 in fines to the TBTA based on $347.50 in unpaid tolls. (PAC ¶¶ 29-30.) The TBTA urges that the amendment is futile because it does not include "specific details regarding her toll crossings or violation fees allegedly paid with respect to those toll crossings." (TBTA Mem. at 5.)

The TBTA similarly urges that amendments relating to the two proposed new plaintiffs, Owens and Reese, are futile because the PAC omits allegations about each individual crossing, tolling violation and resulting fine. (Id. at 4-5.) Owens, who participated in the E-Z Pass program, alleges that his car was impounded by MTA police at the Queens-Midtown Tunnel, where he was informed for the first time of $49,000 in outstanding fines. (PAC ¶¶ 31-33.) He alleges that he ultimately paid the TBTA approximately $10,000 in fines and $2,800 in tolls, and that he expects to pay approximately $2,000 more to recover his car from an impound lot. (PAC ¶¶ 34-35.) Reese alleges that she was fined through the TBTA's Tolls-By-Mail program, and, in September 2019, paid the TBTA $475 in fines based on $94 in unpaid tolls. (PAC ¶¶ 36-37.) The same month, she paid $1,000 in fines to the Port Authority based on $310 in unpaid tolls. (PAC ¶ 39.)

In urging that the amendments would be futile because they do not identify each plaintiff's individual bridge and tunnel crossings and resulting toll violations, the TBTA seeks a level of particularity not required by the four-factor test for adjudicating an excessive fine claim as set forth in United States v. Bajakajian, 524 U.S. 321 (1998), or this Court's application of Bajakajian in the Opinion and Order.[1] The Opinion and Order referred to an exhibit to the

---

[1] As the Opinion and Order discussed in detail, Bajakajian's proportionality analysis for determining whether a fine is unconstitutionally excessive considers "(1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally

Complaint that contained seventeen items of information related to Troiano, including specific dates and crossings, as background to Troiano's claims and did not describe them as a pleading requirement.  See 409 F. Supp. 3d at 201.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The PAC plaintiffs have identified the amounts of fines that they paid and included facts that, at the pleading stage, plausibly allege that the fines are punitive in nature and disproportionate.  (PAC ¶¶ 41, 43-45.)

Plaintiffs state that, unlike Troiano, they do not have records that identify the specific violations covered by the fines that they paid, and assert that it is likely that such records are in the TBTA's possession.  (Reply at 5.)  The ultimate merits of a plaintiff's claim will likely involve fact-intensive issues, such whether a payment of $100 reflected the single payment of the maximum permissible fine amount, or, for example, the payment of ten fines of $10 each.  It will also involve evidence of whether defendants adopted the fines with a purpose to penalize or with a purpose of recovering administrative costs.  A more developed factual record is needed to decide these issues, which are not properly resolved on a motion to dismiss.  See Farina, 409 F. Supp. 3d at 202-03 ("at the pleading stage and without the benefit of discovery, the Court is unable to conclude as a matter of law that fines of $1,305 are not grossly disproportional to the underlying offense.").

The TBTA also points to a passage from the Opinion and Order's dismissal of Rojas's due process claim.  See Farina, 409 F. Supp. 3d at 211-12 ("the Complaint does not plausibly allege how [Rojas] could have reasonably believed that her repeated passage through

---

designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct."  United States v. Viloski, 814 F.3d 104, 110 (2d Cir. 2016).

toll crossings over an extended period of time, eighteen months, resulted in no toll charges to her whatsoever."). This statement related to the notice that defendants gave to Rojas, her opportunity to be heard, and her allegation that she had repeatedly disputed the fines. See id. It did not go toward the fines' proportionality and the factors set forth in Bajakajian. Unlike the initial complaint, the PAC does not include a due process claim.

Separately, the Port Authority makes a futility argument based on factual assertions made in a declaration from Charles Fausti, a Port Authority official who states that the $50 fines administered by the Port Authority are less than the $58.08 in costs that the agency incurs as a result of each tolling violation. (Docket # 132-4.) The Port Authority urges that, based on the Fausti Declaration, plaintiffs cannot plausibly allege that the Port Authority's fines are punitive in nature and therefore actionable under the Eighth Amendment's excessive fines clause. It separately argues that the $50 fines are not disproportionate to the offense, given the Port Authority's underlying costs. (P.A. Opp. at 4.) Fausti's declaration is not a document integral to the Complaint and is not properly considered on a motion to dismiss without converting it to a motion for summary judgment. See, e.g., Goel v. Bunge, Ltd., 820 F.3d 554, 560 (2d Cir. 2016) (a Rule 12(b)(6) motion should not include "a bespoke factual record, tailor-made to suit the needs of defendants."). Because the declaration is not properly considered at this stage, it does not demonstrate the amendments' futility.

The Court has considered the other arguments raised by defendants, including the assertion that the unjust enrichment claim is barred by the voluntary payment doctrine and the TBTA's argument that the PAC includes an overbroad definition of any putative class. As this Court previously explained, the voluntary payment doctrine is an affirmative defense that is not properly reached at the motion to dismiss stage. Farina, 409 F. Supp. 3d at 197. Separately, a

proposed class definition is not properly adjudicated at the Rule 12(b)(6) stage, and should be raised in connection with any Rule 23 motion for class certification.  See, e.g., Petrosino v. Stearn's Prod., Inc., 2018 WL 1614349, at *5 (S.D.N.Y. Mar. 30, 2018) (collecting cases).

CONCLUSION.

       Plaintiffs' motion to file an Amended Complaint is GRANTED.  The Clerk is directed to terminate the motion.  (Docket # 130.)

       SO ORDERED.

                                                 P. Kevin Castel
                                       United States District Judge

Dated: New York, New York
       April 17, 2020