UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAM ROJAS, BRIAN OWENS, and KORISZAN REESE on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>                    Defendants. | CASE NO.: 18-cv-01433 (PKC)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT |

P. KEVIN CASTEL, U.S.D.J.

WHEREAS, certain information, testimony, and documents may be sought, produced, or exhibited by and among the parties to the captioned action (the "Action"), or by third parties in connection with the Action, which information, testimony, and documents the party making the production believes in good faith to constitute and contain trade secrets, proprietary business information, competitively sensitive information, or non-public personal, medical, business, or financial information;

WHEREAS a protective order would facilitate the production, exchange, and discovery of documents, testimony, and information in connection with the Action while preserving the parties' respective positions as to whether particular documents, testimony, or information merit confidential treatment; and

WHEREAS this matter has come before the Court, by stipulation of the parties, for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents, testimony, and information to be produced by any

1

party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below, and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") shall govern the handling of documents, testimony, and all other information produced by or between the parties to the Action or by third parties in connection with the Action, including all documents, testimony, and information produced pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admissions, or other requests for disclosures (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2. As used herein:

   (a) "Confidential Information" shall mean all documents, electronically stored information, testimony, and information designated as "Confidential" or "Highly Confidential – Outside Counsel Only" by any party pursuant to the terms of this Protective Order, including the contents and all copies, excerpts, extracts, and summaries or such documents, testimony, and information, provided that such designation has not been successfully challenged and finally revoked. "Confidential Information" also includes information derived from any such document.

   (b) "Producing Party" shall mean the parties to this Action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the

2

case may be.

(c) "Receiving Party" shall mean the parties to this Action and any third parties receiving "Confidential Information" in connection with depositions, document production, or otherwise.

(d) "Qualified Person" shall mean any person authorized to receive or review "Confidential Information" pursuant to paragraphs 7 or 8 herein, as the case may be.

3. The person designating any discovery material as "Confidential" may designate as "Confidential" material including (a) financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, cost breakdowns, percentage fees, design fees, royalty rates, minimum guarantee payments, settlement matrices, sales reports, and sale margins); (b) material previously nondisclosed to the public relating to ownership or control of any nonpublic company; (c) business plans, contracts, amendments, change orders, product development information, or marketing plans previously nondisclosed to the public; (d) commercially sensitive and/or proprietary information previously nondisclosed to the public; (e) any information of a personal or intimate nature regarding any individual, including information required to be redacted in public filings pursuant to Federal Rule of Civil Procedure 5.2, and personal identifying information protected from disclosure by federal or state privacy laws; (f) any other information of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26, or (g) any other category of information hereinafter given confidential status by the Court.

4. The person designating any discovery material as "Highly Confidential-Outside Counsel Only" may designate as "Highly Confidential-Outside Counsel Only" any discovery material containing extremely sensitive, highly confidential, non-public information, the disclosure of which would create a substantial risk of competitive or business injury.

5. Any party, subpoenaed nonparty, or other third party whose information may be disclosed in connection with this Action may designate documents produced, testimony given, or other information exchanged in connection with this Action as "Confidential" or "Highly Confidential-Outside Counsel Only" either by notation on the document, statement on the record of the deposition, designation pursuant to this Stipulation and Order, or written advice to the respective undersigned counsel for the parties hereto.  Electronic documents and information, if any, shall be designated as "Confidential" or "Highly Confidential-Outside Counsel Only" by any of the foregoing methods or pursuant to a procedure to be agreed upon by counsel for the parties.

6. All Confidential Information shall be used solely for the purpose of this Action, and no person receiving such Confidential Information shall, directly or indirectly, use, transfer, disclose or communicate in any way the Confidential Information to any person other than Qualified Persons. Any other use or disclosure is prohibited.

7. Except with the prior written consent of the Producing Party or by order of the Court, any discovery material designated as "Confidential" shall not be furnished, shown, or disclosed to any person or entity except to:

    a. the parties in this Action, including employees, officers or directors of any affiliate of the parties who are assisting in the Action or who are involved in the operating and/or management of any party's business or legal functions;

    b. counsel for the parties to this Action, and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action or trial or other proceeding herein, and are under the supervision or control of such counsel;

    c. persons shown on the face of the document to have authored the document or received it prior to commencement of the Action;

    d. copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel for the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

    e. any agreed-upon or Court-ordered mediator and that mediator's personnel;

    f.    persons whom counsel of record for a party in good faith believes are likely to be called to give testimony, through deposition, affidavit, or at trial, on matters relating to Confidential Information, provided, however, that such information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

    g.    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

    h.    the Court and court personnel, provided that the Confidential Information is filed accordance with paragraph 13 herein or otherwise disclosed in accordance with paragraph 14 herein;

    i.    an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 15 herein;

    j.    trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraphs 14 and 15, respectively, herein; and

    k.    any other person agreed to in writing by counsel for the parties.

8. Absent written authorization from all parties or leave of Court, any discovery material designated as "Highly Confidential-Outside Counsel Only" shall not be furnished, shown or disclosed to any person or entity except to:

    a.    counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein; and are under the supervision or control of such counsel;

    b.    persons shown on the face of the document to have authored the document or received it prior to commencement of the Action;

    c.    copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel for the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

    d.    any agreed-upon or Court-ordered mediator and that mediator's personnel;

e. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

f. the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 13 herein or otherwise disclosed in accordance with paragraph 14 herein;

g. an officer before whom a deposition is taken, including stenographic reports and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 15 herein;

h. trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraphs 14 and 15, respectively, herein; and

i. any other person agreed to in writing by counsel for the parties.

9. Before any disclosure of Confidential Information is made to any person pursuant to paragraph 7(f), 7(g), 7(j), 7(k), 8(e), 8(h), or 8(i) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Protective Order and supply a copy to counsel for the other party upon request; provided, however, that with respect to experts and consultants, counsel for the party shall not be required to supply a copy to counsel for the other party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedures.

10. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Highly Confidential-Outside Counsel Only" within a reasonable time following the discovery that the document or information has been produced without such designation. Any party producing such improperly

designated documents shall retrieve such documents from persons not entitled to receive those documents.

11. With respect to objections to designations of documents and information as "Confidential" or "Highly Confidential-Outside Counsel Only," a party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential-Outside Counsel Only" at the time made. In the event that any party to this Action disagrees at any stage of these proceedings with the designation by the Producing Party of any information as "Confidential" or "Highly Confidential-Outside Counsel Only," or the designation of any person as a Qualified Person, that party may serve upon counsel for the designating party a written notice stating with particularly the grounds for the objection, within the later of fourteen (14) days of the designation or entry of this Order. The parties and any affected protected person shall then discuss this contention and attempt to resolve the disagreement over the classification of the material. If the parties and the affected protected person cannot resolve the matter within fourteen (14) days, the designating party must submit a motion to the Court for resolution. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Producing Party's designation. The Producing Party shall at all times carry the initial burden of establishing that the contested information merits a "Confidential" or "Highly-Confidential-Outside Counsel Only" designation.

12. All depositions, the information disclosed therein, and the transcripts thereof shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, any party who claims some part of the deposition shall be classified as "Confidential" or "Highly Confidential-Outside Counsel Only" shall notify all of the parties in writing of the specific pages and lines of the transcript which should

be treated as Confidential Information thereafter, including the appropriate tier of confidentiality.

13. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, shall follow the procedures of this Court for seeking leave to file documents under seal so as to prevent the disclosure of Confidential Information to persons other than Qualified Persons. The party who designated the documents "Confidential" or "Highly Confidential-Outside Counsel Only" will have the obligation to justify any sealing request. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 119, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application of the Court.

14. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as agreed to by the parties or as the Court, upon motion

of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

15. Any deposition witness who will be given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and counsel producing such witness shall make reasonable efforts to have such witness execute a confidentiality agreement in the form of Exhibit A attached hereto. If unable to obtain an executed confidentiality agreement from such witness, counsel producing such witness shall immediately and prior to the deposition provide notice to counsel for the other party, who may seek relief from the Court regarding the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties agree that Confidential Information is adequately protected by such witness's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any witness who is indicated on the document as being an author or recipient of the Confidential Information, irrespective of which party produced such information. Further, no executed confidentiality agreement shall be required to show a current officer or employee of a party any Confidential Information that was disclosed by that party, provided that such Confidential Information is reasonably necessary and relevant to eliciting the testimony of such officer or employee.

16. A party may designate as Confidential Information subject to this Protective Order any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof, where such information has not already been designated as "Confidential" or "Highly Confidential-Outside Counsel Only" by the nonparty.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.

18. In the event that the Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in a legal proceeding, subpoena, civil investigative demand, other similar process, or rule of law) to disclose any Confidential Information in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. Unless the Producing Party waives the protections of this Protective Order, the Receiving Party will not disclose any Confidential Information except pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information.

19. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party that privileged information has been disclosed, the Receiving Party (i) must promptly return or destroy the specified information, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court for a determination of the claim. The Producing Party must preserve the information until the claim is

resolved.

20. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person. The existence, if any, of an adequate remedy at law shall not preclude the applying party from obtaining such relief.

21. This Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action. The Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Protective Order following the final resolution of the Action.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action and any appeals, all Confidential Information produced or designated and all reproductions thereof, shall, subject to the exceptions below, be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain all pleadings,

motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work-product, and attorney-client communications that include or are derived from Confidential Information. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specifically retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

25. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

26. When serving any subpoena in this Action on a nonparty to the Action, a copy of this Protective Order shall be included with the subpoena.

27. This Protective Order shall be binding upon any future party to the Action.

28. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated: September 2, 2020

| | |
|---|---|
| The Port Authority Law Department<br>*Attorneys for the Port Authority of New York and New Jersey*<br>4 World Trade Center<br>150 Greenwich Street, 24th Floor<br>New York, New York 10007<br><br>   /s/David R. Kromm   <br>By David R. Kromm | SQUITTIERI & FEARON, LLP<br>*Attorneys for Plaintiffs and the Proposed Class*<br>32 East 57th Street, 12th Floor<br>New York, New York 10022<br><br>   /s/Stephen J. Fearon   <br>By Stephen J. Fearon |

LAW OFFICE OF JOSEPH SANTOLI
*Attorneys for Plaintiffs and the
Proposed Class*
340 Devon Court
Ridgewood, New Jersey 07450


　/s/ Joseph Santoli
By Joseph Santoli


SO ORDERED ON  September 2 , 2020

_____
P. KEVIN CASTEL
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAM ROJAS, BRIAN OWENS, and KORISZAN REESE on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY<br><br>      Defendants. | **CASE NO.: 18-cv-01433 (PKC)**<br><br><br>**CONFIDENTIALITY AGREEMENT** |

I, _____, state that:

1. My address is_____.

2. My present employer is_____.

3. My present occupation or job description is_____.

4. I have received a copy of the Stipulated Protective Order and Confidentiality Agreement governing the production and exchange of Confidential Information (the "Protective Order") entered in the captioned action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any Confidential Information that is

disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or who produced the Confidential Information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Executed on _____          _____
               (Date)                                        (Signature)